# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PRESSURE SENSITIVE LABELSTOCK ANTITRUST LITIGATION | : : : : | MDL Docket No. 1556 (No. 3:03-MDL-1556) JUDGE VANASKIE |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BEMIS COMPANY, INC.'S AND MORGAN ADHESIVE COMPANY'S MOTION TO STAY DISPOSITION OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants Bemis Company, Inc. ("Bemis") and Morgan Adhesives Company ("MACtac") respectfully move this Court to stay any ruling on Plaintiffs' Motion for Class Certification pending resolution of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. In a situation not of this Court's making nor of Defendants' making, this Court is faced with a new standard – set forth by the Supreme Court in *Twombly* – with respect to the motion to dismiss previously filed by Defendants and denied by this Court under the old standard. The new standard set forth in *Twombly* virtually compels this Court to decide anew Defendants' prior motion to dismiss.

One of the key points the Supreme Court made in *Twombly* was that a complaint that would ultimately fail to state a claim should not be allowed to proceed past a motion to dismiss with the idea that discovery would demonstrate that the plaintiffs' claims were without substance and leaving it to summary

judgment to dispose of the claims.  At the heart of this factor was the reasoning that defendants in an antitrust conspiracy case should not be put to the burden and expense of discovery if the claim did not pass muster under the new standard.  This rationale is equally applicable where, as here, this Court has the opportunity to potentially save the Moving Defendants from any other burden and expense that would follow from a ruling on the class certification motion.  In fact, it is even more apt here given the fact that this Court, in applying the old standard, stated that plaintiffs' allegations were "sparse" (Memorandum Opinion, February 15, 2005, ("Mem. Op.") at p. 15), but that plaintiffs' hurdle was "relatively low."  Mem. Op. at p. 16, (quoting *In re Carbon Black Antitrust Litigation*, 2005 WL 102966 at *6 (D. Mass. 2005)).  Now, under *Twombly*, the allegations that were "sparse" clearly do not meet the new standard.  Therefore, in light of the very strong showing that Defendants have made that the claims against them should be dismissed under *Twombly*, this Court should stay any ruling on the class certification motion until it rules on Defendants' renewed motion to dismiss.

Undoubtedly, were this case at its early stage, this Court would undertake consideration of Defendants' motion to dismiss under the new standard in *Twombly* prior to anything else transpiring in the case, as suggested in *Twombly*.  However, since the case has progressed to the class certification phase and since the class certification issue has been fully briefed and argued, this Court has

expressed some reluctance to hold off ruling on the class certification motion pending a ruling on Defendants' renewed motion to dismiss. Defendants respectfully submit that this Court should hold off ruling on the class certification motion and should not penalize the Moving Defendants for finding themselves in this situation, as a result of the timing of the Supreme Court's decision in *Twombly* and the class certification motion here.

When balancing the fairness of such a stay, the Court might be presented with the argument that the plaintiffs have waited long enough for a ruling on their motion for class certification. Based on this Court's prior finding that plaintiffs' claims against Bemis and MACtac are "sparse" and *Twombly*'s new standard, the Moving Defendants submit that there is a very good chance of dismissal. To the extent that the chances of dismissal are good, there is no unfairness to plaintiffs at all, because they should have never brought their claims against Bemis and MACtac in the first place. Rather, it is the Moving Defendants which have already suffered the greatest unfairness by having to expend significant time and expense in discovery with respect to claims that, under *Twombly*, should have been dismissed. Thus, the greater unfairness would be suffered by the Moving Defendants if this Court did not stay ruling on the class certification motion pending a ruling on the renewed motion to dismiss.

This Court inquired whether granting the requested stay was within its discretion. While in general granting stays are within any court's discretion, the Moving Defendants respectfully submit that, in light of the unique circumstances and the forceful reasoning of the Supreme Court's decision in *Twombly*, this Court has only one fair and viable course of action and that is to grant the stay. *Twombly* makes it clear that courts should grant a stay of discovery pending a motion to dismiss, in order to avoid the burden and expense of discovery. So too here, this Court should grant the requested stay in order to avoid the burden and expense to the Moving Defendants. When *Twombly* is read in its entirety, such a stay, the Moving Defendants respectfully submit, is not optional.

## BACKGROUND

On May 21, 2007, the U.S. Supreme Court raised the minimum level of judicial scrutiny of complaints alleging antitrust conspiracy when it affirmed a district court's dismissal of a complaint alleging violations of the Sherman Act. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In light of this intervening change in the law, Bemis and MACtac filed a motion to dismiss under Rule l2(b)(6) and memorandum supporting dismissal of each claim of plaintiffs' Second Amended Complaint on September 17, 2007. Plaintiffs filed their response on October 23, 2007, and Bemis and MACtac's reply is due on November 6,

2007.¹  Meanwhile, Plaintiffs' class certification motion has been fully briefed and argued.

Bemis and MACtac argued in their motion to dismiss that Plaintiffs' Second Amended Complaint does not make out a claim as required under the standard set forth in *Twombly*. While the *Twombly* ruling does not impose a "heightened fact pleading of specifics," it does require plaintiffs to provide "enough facts to state a claim to relief that is *plausible on its face*." *Id.* (emphasis added); *see also Gaffer Ins. Co. v. Discover Reinsurance Co.*, 2007 U.S. Dist. LEXIS 75259 (M.D.Pa. Oct. 10, 2007) (quoting *Twombly*, 127 S. Ct. at 1974) (dismissing complaint as to two defendants on statutory grounds and interpreting change effectuated by *Twombly* as requiring that "Plaintiff must now nudge its claims 'across the line from conceivable to plausible' to avoid dismissal thereof.")

*Twombly* instructs a district court to scrutinize allegations of antitrust conspiracy, and not to allow the case to proceed, to class certification or otherwise, until it determines that the allegations are plausible. "A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 127 S. Ct. at 1967 (internal

---

[1] However, Plaintiffs' initial deadline for its response was October 9, 2007, which would have made Defendants' reply due no later than October 23, 2007.  Under the original briefing schedule, Defendants' motion to dismiss would already be fully briefed.  Plaintiffs were the ones who asked for the two-week extension to file their response.

citations omitted).

Thus, granting a stay is uniquely appropriate in this case. Not only has the Court previously characterized the evidence offered against the Defendants as "sparse," but the intervening *Twombly* ruling has, since then, only heightened the standard that Plaintiffs' complaint must meet in order to sustain a claim.

**ARGUMENT**

**A.    The *Twombly* Decision Strongly Supports A Stay of Class Certification Here.**

In *Twombly*, the Supreme Court forcefully reaffirmed that antitrust plaintiffs who cannot articulate a "plausible entitlement to relief" cannot subject defendants to discovery, or any other burden or expense.  After describing the defects in the *Twombly* complaint, the Court emphasized the importance of rooting out groundless complaints before discovery begins.  As the Court warned, when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 1966 (quoting 5 WRIGHT & MILLER § 1216, at 233-234).  The Court expressly recognized the "practical significance" of failing to hold plaintiffs to their obligations to provide sufficient notice of their claims before permitting them to engage in discovery, "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem*

increment of the settlement value.'" *Id*. (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

The Court further emphasized that its concerns regarding discovery are particularly acute in an antitrust case because "proceeding to antitrust discovery can be expensive." *Id*. at 1967. As the Court observed, the substantial costs of discovery in antitrust litigation have been well documented in both prior Supreme Court precedent, *see, e.g., Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"), and other relevant authorities, *see, e.g., Manual for Complex Litigation, Fourth*, § 30, p. 519 (2004) (describing extensive scope of discovery in antitrust cases); Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000) (reporting that discovery may account for as much as 90 percent of antitrust litigation costs). *Twombly*'s pronouncements regarding the burden of discovery are no less applicable to what will happen here if the Court decides class certification before Defendants' motion to dismiss.

The lower courts have heeded *Twombly* and dismissed individual antitrust claims and class actions that have failed to pass muster under the new standard.

*See In re Elevator Antitrust Litigation*, 2007 U.S. App. LEXIS 21086 (2d Cir. Sept. 4, 2007); *In re Insurance Brokerage Antitrust Litigation*, 2007 U.S. Dist. LEXIS 64767 (D.N.J. Aug. 31, 2007); *Cargill Inc. v. Budine, et al.*, 2007 U.S. Dist. LEXIS 67526 (E.D.Cal. Aug. 30, 2007); *The America Channel, LLC v. Time Warner Cable, Inc.*, 2007 U.S. Dist. LEXIS 47966 (D. Minn. June 28, 2007). Moreover, the lower courts have followed the Supreme Court's instructions in *Twombly* and have granted stays of discovery pending motions to dismiss. *See In re Graphic Processing Units Antitrust Litigation*, 2007 U.S. Dist. LEXIS 57982, \*\* 26-27 (N.D. Cal., July 24, 2007); *In re Netflix Antitrust Litigation*, 2007 U.S. Dist. LEXIS 45207, \*\* 30-31 (N.D. Cal. June 14, 2007).

Finally, the *Twombly* holding confirms that there will be serious questions about whether the complaint here will meet the applicable pleading requirements, especially given the fact that this Court held that plaintiffs' allegations with respect to Bemis and MACtac were "sparse" under the old, more-forgiving standard. Under the ruling and rationale of *Twombly*, defendants respectfully request that the Court enter a brief stay of class certification until the Court has resolved Defendants' motions to dismiss and determined whether plaintiffs have alleged sufficient facts to meet the threshold requirements needed to state a viable claim.

**B.      Other Authorities In Antitrust Cases Are In Accord With *Twombly* And Support A Stay Of Class Certification Here.**

Although *Twombly* is a powerful statement on the wisdom of closely

examining a complaint before an antitrust case moves forward, it is by no means the only authority for this proposition. Indeed, courts have for many years stayed ruling on class certification in favor of first deciding a motion to dismiss, aimed at the sufficiency of the complaint. These cases and their rationale have even more force and applicability after *Twombly*.

Federal courts have often granted a stay of a class certification motion where a pending motion to dismiss would render class certification moot. *See, e.g., Greenlee County v. United States*, 487 F.3d 871, 880 (D.C. Cir. 2007); *Talley v. NCO Fin. Sys.*, 2006 U.S. Dist. LEXIS 74419, *7 (N.D. Ind. Oct. 12, 2006); *Good v. Altria Group, Inc.*, 231 F.R.D. 446 (D. Me. 2005). The *Talley* opinion noted the well-established rule that federal courts "'may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification.'" *Id.* (quoting Manual for Complex Litigation (Fourth) § 21.133 (2004)). Relying on the post-2003 language of Rule 23(c)(1)(A) and the "advisory committee notes explaining that a ruling on the merits may constitute a valid reason for deferring a class certification decision," the *Talley* court granted a motion to stay plaintiffs' class certification motion pending resolution of the defendants' motion for summary judgment. *Talley*, 2006 U.S. Dist. LEXIS 74419 at * 7; *see also Greenlee*, 487 F.3d at 880 (D.C. Cir. 2007) ("'There is nothing in [Rule] 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion

to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification'") (quoting Charles A. Wright, et al., *Federal Practice & Procedure* § 1785.3 (3d ed. 2005)).

Even before the 2003 amendment to Rule 23, this Court decided motions to dismiss before deciding class certification. *See Reilly v. Gould. Inc.*, 965 F. Supp. 588 (M.D. Pa. 1997) (dismissing certain of plaintiffs' claims on Rule 12(b)(6) motion to dismiss before addressing class certification). In *Reilly*, this Court, faced with motions to dismiss under Rule 12(b)(6) and to certify a class, granted the defendant's motion to dismiss the class action allegations and to dismiss other substantive counts of the complaint and thus deemed moot the motion for class action determination. *Id.* The *Reilly* decision is in accord with a long line of cases considering the timing of class certification under the former Rule 23(c). *See, e.g., Talley*, 2006 U.S. Dist. LEXIS 74419 (noting that even the old version of the Rule provided courts with "wiggle room" in determining when to certify a class); *Haas v. Pittsburgh Nat'l Bank*, 381 F. Supp. 801, 806 (W.D. Pa. 1974), *aff'd in part and rev'd in part on other grounds*, 526 F.2d 1083 (3d Cir. 1975) (granting defendants' motion for summary judgment before considering class determination); *see also Christiansen v. Kiewet-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) (affirming district court decision to reserve decision on class certification pending disposition of motions to dismiss); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir.

1984) (affirming decision to decide summary judgment motion before addressing class certification "to protect both the parties and the court from needless and costly further litigation"); *Mallo v. Public Health Trust*, 88 F. Supp. 2d 1376, 1391 (M.D. Ohio 2000) (granting stay of class certification pending ruling on motion to dismiss plaintiffs' amended complaint); *Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1289 (M.D. Ala. 1998) (choosing to consider summary judgment motion before class certification motion, extensively discussing motions to stay class certification, and noting that "the vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification."); *House of Corrections Block Representatives Comm. v. Creamer*, 1998 U.S. Dist. LEXIS 6056, * 2 n.1 (E.D. Pa. April 30, 1998) (declining to address class certification pending resolution of defendants' motion to dismiss, treating latter as motion for summary judgment, and granting it without addressing class certification).

Thus, the federal courts' well-established preference for addressing and deciding motions to dismiss before turning to class certification is entirely consistent with *Twombly* and should be applied with even more force after *Twombly*.

### C. *Twombly*'s Concern That Plaintiffs Present A Viable Complaint Before An Antitrust Case Proceeds Is Consistent With the Generally Applicable Standards for Stays.

The decision of the Supreme Court in *Twombly* alone provides a solid basis for this Court to grant a stay of class certification until it can decide defendants' motions to dismiss. However, the other considerations that courts have traditionally taken into account also weigh heavily in favor of granting a stay of class certification here. *See* 6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE §26.105[3][C] (2007); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay appropriate where it furthered "the goal of efficiency for the court and litigants"); *Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 U.S. Dist. LEXIS 2684, \*\* 7-8 (S.D.N.Y. 1996) (finding no prejudice to plaintiff from a stay of discovery).

#### 1. A Brief Stay of Class Certification Will Maximize Judicial and Party Efficiency.

A brief stay of class certification will indisputably maximize efficiency. Plainly, if plaintiffs cannot state a viable claim under Rule 8 and the *Twombly* decision, no further action in this case for Bemis and MACtac will be necessary. Thus, the Court's ruling on defendants' motion to dismiss has the potential to dispose of the entire action as to Bemis and MACtac, render class certification moot as to them, and eliminate the need for any additional time and expense as to them. As the court explained in *Chavous v. D.C. Financial Responsibility*

*Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001), "[a] stay… pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* at 2 (quotations omitted).

Conversely, were this Court to rule on class certification first, Bemis and MACtac would be put to the time and expense of at least dealing with plaintiffs' appeal of the denial of class certification (or of Bemis' and MACtac's appeal of a grant of class certification). Courts have recognized that defendants should be spared the expenditure of such time and expense pending a motion to dismiss. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action should it continue." *See Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting defendant's motion to stay discovery because allowing discovery while the motion to dismiss was pending "would unnecessarily drain the parties' resources").

In sum, the factors that courts generally consider in ruling on a motion to stay are strongly consistent with *Twombly* and support granting defendants' motion to stay class certification.

### 2. A Brief Stay of Class Certification Will Not Prejudice Plaintiffs.

In addition, a brief stay of class certification will not prejudice plaintiffs in the least. There is no basis for plaintiffs to claim that they are suffering some irreparable injury for which they are entitled to relief. Furthermore, the stay will be brief because Defendants' motion will be fully briefed on November 6, 2007 (it would have been fully briefed by October 23, or earlier, if plaintiffs had not asked for a two-week extension to file their opposition). Defendants would be prepared to argue their motion immediately, if this Court wishes to entertain oral argument. Otherwise, the motion can be taken under advisement. Given that this Court is no doubt familiar with *Twombly* and its new standard, it is likely that a ruling on Defendants' motion to dismiss could be made in a relatively short period of time. If the complaint survives Defendants' motion to dismiss, plaintiffs will be entitled to proceed to a ruling on class certification. A brief stay of class certification, therefore, will not prejudice plaintiffs' ability to prosecute this action, assuming the Court does not dismiss it.

### D. Recent Case Law From The Third Circuit Supports a Stay of Class Certification Here.

Finally, recent case law from the Third Circuit supports the entry of a stay of class certification here. In *In re Insurance Brokerage Antitrust Litigation*, the United States District Court of the District of New Jersey granted Defendants'

Rule 12(b)(6) motion to dismiss numerous antitrust class actions alleging a conspiracy based on parallel conduct. 2007 U.S. Dist. LEXIS 64767 (D.N.J. August 31, 2007). The court found that plaintiffs' allegations failed to meet the standard in *Twombly*, even after two years of discovery. *Id.* at \*\* 81-82. The court had allowed the plaintiffs to replead several times over the course of those two years. *Id.* at \*\* 38-41. Thus, the court found that the fact that the action had been proceeding for some time did not affect in any way the court's consideration of Defendants' motion to dismiss and the application of *Twombly* to plaintiffs' class actions. So too here in this case, Defendants respectfully submit that this Court should not allow the fact that this case has proceded for some time, and that class certification is fully briefed and argued, to affect in any way its consideration of Defendants' motion to dismiss under *Twombly*, including deciding Defendants' renewed motion to dismiss prior to ruling on class certification.

## CONCLUSION

Under *Twombly*, this Court should stay consideration of plaintiffs' class certification motion until the Court has had opportunity to resolve defendants' Motion to Dismiss the Second Amended Complaint and grant any other relief this Court deems just and appropriate.


Dated:  October 25, 2007                               Respectfully Submitted,


                                                                     s/ George A. Reihner
                                                                      George A. Reihner
                                                                      WRIGHT & REIHNER, P.C.
                                                                      148 Adams Avenue
                                                                      Scranton, PA  18503
                                                                      (570) 961-1166

                                                                            -and-


                                                               s/ Patrick J. Ahern
                                                                    Patrick J. Ahern
                                                                   Saren K. Sudel
                                                                   Camellia Noriega
                                                                   BAKER & MCKENZIE LLP
                                                                   One Prudential Plaza
                                                                   130 East Randolph Drive
                                                                   Chicago, IL  60601
                                                                   (312) 861-8000

# CERTIFICATE OF SERVICE

I, George A. Reihner, do hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Stay to be served on all counsel of record on October 25, 2007, via the Electronic Case Filing (ECF) system.

                                                s/ George A. Reihner
                                                George A. Reihner